Turley, J.
delivered the opinion of the court.
Nathaniel Atkinson, sheriff of Fayette county, appointed Wm. D. Johnson his deputy, and took from him a bond for the faithful performance of his duty as such, with the testator of the plaintiff in error and others as his sureties. The tax book, embracing the state and county tax for 1841, was placed in the hands of the said Wm. D. Johnson, for collection, who performed his duties in relation thereto so faithlessly and negligently, that his principal, the defendant in error, was made responsible for heavy amounts upon both tax lists; the Chairman of the *471 County Court having, by the judgment of the Circuit Court of Payette, rendered at its May term, 1842, recovered against him the sum of $2042 72, balance of county tax for the year 1841, and $235 34, damages thereon; and he having paid to the treasurer of the state the sum of $2566 82, the state tax for Fay-ette county for the same year. For these several sums, defendant in error moved for' a judgment against the said Wm. D. Johnson and his securities on their bond, and obtained the same at the May term, 1843, of the Circuit Court of Fayette, from which the plaintiff in error appealed to this court.
It is now contended, that the judgment should not have been rendered, because:
1st. There is no judgment against the sheriff for the amount of the state tax for the year 1841, and therefore his liability to pay it has not been legally ascertained,
The statute of 1829, chap. 41, provides, that in all cases when any sheriff shall have paid money, or become liable to pay money, for the default or misconduct of his deputy, it shall and may be lawful for him to recover judgment by motion against such deputy and his sureties. Two cases are here provided for: 1st, when the sheriff shall have paid money; 2d, when he shall become liable to pay money. Now, if money be not paid, and the sheriff seeks to obtain a judgment on motion against his deputy, by reason of a liability to pay, cast upon him by the misconduct of the deputy, he must show that such liability has been ascertained against him by the judgment of a court, as was held in the case of Colman against Patterson. But when the sheriff has paid the money, there is no necessity for such judgment, as he is authorized — in fact it is his duty — to pay in all cases of liability without judgment.
2d. It is said, the bond in this case executed by the deputy is not broad enough to cover the responsibility; that the bond is given for a faithful performance of his duty as deputy sheriff; that the office of the sheriffalty and collector of the revenue are distinct and separate offices, and the deputy sheriff is not deputy collector. It has been held in this State, that the collection of the revenue is devolved by law upon the sheriff; and that although he gives a bond as collector, yet he collects as sheriff *472 and not under a distinct, separate authority, created by another officer. This being so, the deputy sheriff may collect; and if in doing so, he act so negligently or faithlessly as to discharge his principal, he is responsible therefor as deputy sheriff, and of course his securities.
3d. It is contended, that the court erred in refusing a continuance. A continuance or refusal being so purely a matter of sound discrimination in the court below, it would require a very extraordinary case for a reversal, upon this ground, if it would be done at all. Such a case is not the present.
There is, then, in our opinion, no error in the proceedings below; and we affirm the judgment.